BEFORE THE SECOND DIVISION, AUGUST 16, 1960

No. 64448.—Pathe Tool Mfg. Co., Inc. v. United States, protests 298044–K, 291908–K, and 285090–K (New York).

LAWRENCE, Judge:   The three protests enumerated in the schedule, attached to and made part of this decision, have been consolidated for the purposes of decision.

The question presented to the court is whether certain shuttles for sewing machines were properly classified by the collector of customs within the *eo nomine* provision therefor in paragraph 372 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 372), dutiable at 30 per centum ad valorem, or more specifically belong within the provision for parts of sewing machines in said paragraph 372, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides a rate of duty of 10 per centum ad valorem, as claimed by plaintiff.

The competing provisions of the tariff statute are here set forth:

Paragraph 372, *supra*:

\* \* \* embroidery machines, including shuttles for sewing and embroidery machines, \* \* \* 30 per centum ad valorem \* \* \*

\*          \*          \*          \*          \*          \*          \*

Paragraph 372, as modified, *supra*:

Sewing machines, not specially provided for, regardless of value_____ 10% ad val.

\*          \*          \*          \*          \*          \*          \*

Embroidery machines (not including shuttles for sewing and embroidery machines) _____ 15% ad val.

\*          \*          \*          \*          \*          \*          \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

Textile pins_____ 20% ad val.

Other_____ The same rate of duty as the articles of which they are parts

\*         \*         \*         \*         \*         \*         \*

The parties hereto are in agreement that the subject merchandise consists of shuttles for sewing machines; that said articles are necessary and integral parts of such machines; and that the shuttles are composed wholly or in chief value of metal.

From the facts thus presented, it is evident that the imported shuttles are "parts" in a tariff sense of the articles to which they are to be joined. *United States* v. *Cody Manufacturing Co., Inc., Rohner Gehrig & Co., Inc.*, 44 C.C.P.A. (Customs) 67, C.A.D. 639.

The imported items of merchandise are, however, specifically provided for by name, as shuttles for sewing machines, in paragraph 372 of the basic act which was the basis of the collector's action.

The issue presented is, therefore, narrowed to the question of which of the competing provisions is the more specific.

In paragraph 372 of the Tariff Act of 1930, by clear and unambiguous language, Congress provided *eo nomine* for shuttles for sewing machines, with duty applicable thereto at the rate of 30 per centum ad valorem. In equally clear and unambiguous language, the General Agreement on Tariffs and Trade provides that shuttles for sewing machines shall be excluded from the benefit of a reduced rate of 15 per centum ad valorem. It is obvious therefrom that it was the congressional intent that such shuttles should be covered by the basic provision of the tariff act, with a duty assessment of 30 per centum ad valorem.

Reliance by the plaintiff on the provision for "parts" of sewing machines in paragraph 372, as modified, *supra*, is untenable for the reason that the "parts" provision of said paragraph, both as originally enacted and as modified, is qualified by the words "not specially provided for". As pointed out above, shuttles for sewing machines, which the parties hereto have agreed are necessary and integral parts of said machines, are, however, specially provided for in the basic act and such specific provision for the imported articles must control their classification. It is not for the court to create an ambiguity where none exists.

On the record before us and for the foregoing reasons, all claims in the protests are overruled.

Judgment will be entered accordingly.